# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

**January 17, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**In Re: M.M. and M.M.**

**Nos. 13-0819 and 13-0830** (Kanawha County 11-JA-181 and 12-JA-218)

## MEMORANDUM DECISION

Petitioners Mother and Father filed appeals by their respective counsel, Jennifer R. Victor and Shawn D. Bayliss, from the Circuit Court of Kanawha County, which terminated their parental rights to the subject children[1] by order entered on July 22, 2013.[2] The guardian ad litem for the children, Sharon K. Childers, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, has also filed a response in support of the circuit court's order. Petitioners argue that the circuit court erred in terminating their post-adjudicatory improvement periods, denying their motions for dispositional improvement periods, and in terminating their parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Mother had her parental rights terminated to five other children in 2008. The DHHR filed the petition in the instant abuse and neglect case in September of 2011 against both parents, alleging their failure to provide M.M.-1 with necessary food, clothing, supervision, and housing. The petition also alleged that Petitioner Mother denied any wrongdoing during the pendency of the 2008 abuse and neglect case.[3] In April of 2012, the circuit court adjudicated

---

[1] Because the children in this case have the same initials, M.M., we have distinguished each of them using numbers 1 and 2 after their initials in this memorandum decision.

[2] Subsequent to petitioners' separate notices of appeal, the parties filed a motion to consolidate their cases. We granted this motion and now address their appeals together.

[3] Notes from Petitioner Mother's psychological evaluation provide that in Petitioner Mother's prior case, a referral was made to the DHHR in 2007 after her daughters had missed one month of school. Their absence was due to the failure of Petitioner Mother and her former husband to wake their children up on time. Upon investigation, feces were found on the walls and floors of the children's bedrooms, and mold, debris, and stagnant water filled the living room. It was also revealed that, among other forms of inappropriate discipline, Petitioner Mother would lock her

both parents, with regard to M.M.-1, as abusing parents, finding that there was a continuing pattern of neglectful, unhealthy living conditions in the home. The circuit court granted petitioners an improvement period with services, which included parenting education and supervised visitation. After M.M.-2's birth in September of 2012, the DHHR filed an amended petition to include him. The petition also added that Petitioner Mother did not seek prenatal care during her pregnancy with M.M.-2 until she was seven months pregnant. In November of 2012, the circuit court adjudicated petitioners as abusing parents with regard to M.M.-2. In January of 2013, after learning that there had been a lapse in services from the DHHR, the circuit court extended petitioners' improvement period for another three months. Upon their lack of progress, however, the circuit court terminated this latest period of improvement in April of 2013. In July of 2013, the circuit court terminated both parents' parental rights. From this order, petitioners now appeal.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioners argue that the circuit court erred by (1) terminating their post-adjudicatory improvement period, (2) denying their motions for a dispositional improvement period, and (3) terminating their parental rights to M.M.-1 and M.M.-2. Petitioners argue that they were making progress, albeit slowly, throughout the duration of the case and, therefore, should have been allowed to continue their improvement period rather than have their parental rights terminated.

Upon our review of the record, we find no clear error by the circuit court. Pursuant to West Virginia Code § 49-6-12, the subject parent bears the burden of proving by clear and convincing evidence that he or she will substantially comply with the terms of an improvement period. The circuit court thereafter has the discretion to grant or deny such a motion for an improvement period. Where the circuit court grants a parent's motion for an improvement period, West Virginia Code § 49-6-12(f) provides:

children in their bedrooms and would make them remain in soiled clothing as a form of punishment after toileting accidents.

When any respondent is granted an improvement period pursuant to the provisions of this article, the department shall monitor the progress of such person in the improvement period. When the respondent fails to participate in any service mandated by the improvement period, the state department shall initiate action to inform the court of that failure. When the department demonstrates that the respondent has failed to participate in any provision of the improvement period, the court shall forthwith terminate the improvement period.

We also bear in mind the following:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, 228 W.Va. 89, 717 S.E.2d 873 (2011). Our review of the DHHR's reports shows that petitioners failed to substantially comply with supervised visitation appointments and directions to maintain a sanitary and healthy home. We note that the record also provides that the DHHR conceded to the circuit court that, due to a series of miscommunications with its service provider, petitioners did not receive three months of services. Nevertheless, during times in which the DHHR was diligent with services, neither parent substantially complied with counseling or supervised visitation with their young children, who are now one and two years old. Further, despite Petitioner Mother's prior involvement with CPS and her prior termination of parental rights, she and Petitioner Father failed to improve the conditions of the home for the subject children. The record indicates that during a home visit as recent as January of 2013, the DHHR caseworker was greeted by cockroaches scampering about the home and in April of 2013, petitioners told the caseworker they had been "lazy" in getting the home cleaned up, leaving bags of items scattered throughout the premises. Petitioner Mother continued to smoke cigarettes throughout her pregnancy with M.M.-2, despite discussions with the DHHR to eliminate this habit and, later, a physician diagnosed the children with bronchitis as a result of thirdhand cigarette smoke. As for Petitioner Father, he expressed that Petitioner Mother's prior termination of parental rights to other children did not concern him and that he believed Petitioner Mother was capable of caring for the subject children. Petitioner Father also expressed that he would be unwilling to leave Petitioner Mother, even if it meant the return of his children. Finally, when Petitioner Mother was unable to accompany Petitioner Father to visits with their children, Petitioner Father would cancel the visit.

From our review, petitioners' failure to substantially comply with their post-adjudicatory improvement period supports the circuit court's decision to terminate their adjudicatory improvement period and to deny their motions for a dispositional improvement period. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the

near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 17, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II